UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN KELLY | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| ACCOUNT DISCOVERY SYSTEMS, LLC | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Sean Kelly, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Sean Kelly, is a adult natural person and he brings this action for actual and statutory damages and other relief against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act, both of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as relief from Invasion of Privacy by Intrusion Upon Seclusion.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this district is proper in that the Defendant is located in this District.

### III. PARTIES

4.     Plaintiff, Sean Kelly, (hereafter, Plaintiff) is an adult natural person residing at 28 Hoadley Road, Belmont, NH 03220.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5.     Defendant, Account Discovery Systems, (hereafter, Defendant) at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within but not limited to the State of New Hampshire and the State of New York with a primary location of 495 Commerce Drive, #2, Amherst, NY 14228.

6.     Defendant engages in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7.     In or around late June, 2015, Plaintiff started to receive constant and continuous calls from Defendant's agent, "Jesse", stating that he was collecting on an alleged past due debt said to be owed on an HSBC auto loan.

8.     Plaintiff is said to have taken the auto loan sometime in 2006 and is still said to owe a balance of $7,500.00.

9.     The alleged loan is currently owned by Santander.

10.    Plaintiff states that the loan in question was from a vehicle that was voluntarily surrendered in 2011 when Plaintiff could no longer make payments.

11. No payments have been made toward this loan since that time, which would now be past the three (3) year statute of limitations for written contract in New Hampshire where the Plaintiff resides.

12. During this same time, even after speaking with the Plaintiff, Defendant's agent, also started to place calls to Plaintiff's parents' home, as well as to his brother, a co-worker and to his boss.

13. Defendant's agent, "Jesse", placed calls to both the home and personal cell phone of the Plaintiff's boss, claiming to be looking for the whereabouts of the Plaintiff.

14. When asked by Plaintiff's boss, how the Defendant got his contact numbers, Defendant's agent, "Jesse", told him that the Plaintiff had used him as a reference when he purchased the vehicle in 2006.

15. Defendant's agent, "Jesse", was informed by all those listed above not to call them again in this matter.

16. Despite being told to stop calling, all of the above have received additional calls from the Defendant.

17. On or about July 14, 2015, Defendant's agent, "Jesse", placed an additional call to the work cell phone of Plaintiff's co-worker.

18. On or about July 15, 2015, Defendant's agent, "Jesse", placed yet another call to Plaintiff's boss, who again told the agent not to call him again.

19. On or about that same day, July 15, 2015, the Plaintiff contacted "Jesse", informing him to stop calling others looking for him.

20. After Defendant's agent assured the Plaintiff, that he was on a recorded line, he told the Plaintiff that he was permitted to call anyone and anywhere in order to get in touch with the Plaintiff to collect this debt.

21. Defendant's agent then immediately attempted to set up payment arrangements on the alleged account, and also remarked on the fact that the Plaintiff had just recently purchased a home.

22. Plaintiff states that the Defendant's tone made him feel immediately threatened, as it seemed that the Defendant was looking at Plaintiff's credit report.

23. Plaintiff told the Defendant that he did not wish to discuss that information with the agent.

24. "Jesse" went on to ask the Plaintiff if he had ever been garnished, continuing to make the Plaintiff feel as though he was being threatened for nonpayment.

25. At that time, the Plaintiff requested validation of the alleged account, as he believed that it was past the statute of limitations.

26. Defendant's agent, "Jesse", claimed at that time, that he had sent the Plaintiff something in writing on June 1, 2015, but then gave an address that the Plaintiff has not lived at in ten (10) years.

27. The Plaintiff informed the Defendant that this was not his current address, however, the agent was uninterested in confirming the Plaintiff's current address.

28. Defendant stated that he would not be sending anything else out, as the Plaintiff owed the debt and he knew he did.

29. As of the filing of this complaint, the Plaintiff has been reprimanded in work for the calls to his co-worker and boss and is now fearful that any continued calls could mean termination of his employment.

30. The alleged debt is not currently on Plaintiff's credit, but he is also fearful that the Defendant will start reporting the account, jeopardizing his good credit.

31. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

32. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

34. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

36. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

37. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | A any unusual time, unusual place, unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney or credit bureaus concerning the debt |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |

| | |
|---|---|
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send a consumer a proper 30 day validation notice |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Account Discovery Systems, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## NEW HAMPSHIRE UNFAIR, DECEPTIVE or UNREASONABLE COLLECTION PRACTICES ACT /358-C:3

41.     358-C:3 Prohibited Acts. – For the purposes of this chapter, any debt collection or attempt to collect a debt shall be deemed unfair, deceptive or unreasonable if the debt collector:

(1)     Communicates or attempts to communicate with the debtor, orally or in writing:

    (a)     By causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously or at unusual times or at times known to be inconvenient with the intent to abuse, oppress or harass any person at the called number; or

(B)     the debt collector shall not inform the employer of the nature of the call unless asked by the employer; and

(C)     in no event shall the debt collector make more than one phone call per month to the debtor's employer unless the debtor affirmatively indicates in writing that he desires the debt collector to call is employer.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Account Discovery Systems, for the following:

a.     Actual damages;

b.     Statutory damages;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

42.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44.    New Hampshire further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated New Hampshire state law.

45.    The Defendant intentionally intruded upon the Plaintiff's rights to privacy by continually harassing the Plaintiff with numerous calls.

46.    The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

48.    All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages

    b.    Statutory damages

    c.    An award of reasonable attorney's fees and expenses and cost of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                      **Respectfully submitted,**

                      **VULLINGS LAW GROUP, LLC**

Date:  September 3, 2015        **BY:*/s/ Brent F. Vullings***
                                            Brent F. Vullings, Esquire
                                            Vullings Law Group, LLC
                                            3953 Ridge Pike
                                            Suite 102
                                            Collegeville, PA  19426
                                            610-489-6060
                                            610-489-1997 fax
                                            bvullings@vullingslaw.com
                                            Attorney for Plaintiff